CASE 30—PETITION ORDINARY—JUNE 27.

# Myall, &c., vs. Wright.

APPEAL FROM MASON CIRCUIT COURT.

An intention of a resident of this State to leave the State temporarily on business, or on a visit, with a purpose to return within a reasonable time, would not authorize the issuance of an order of arrest, and it is not such a departure from the State as is contemplated by the phrase, "*is about to depart from this State.*" (*Section* 180, *Civil Code.*)

E. C. PHISTER,                                    For Appellant,

CITED

*Civil Code*, secs. 180, 221.

*MSS. Op.*, *January*, 1854; *Jones vs. Terrant.*

WADSWORTH, CAMPBELL, and COCHRAN,          For Appellees,

CITED—

8 *Foster* (*N. H.*), 12 ; *Stevenson vs. Smith.*

15 *B. Mon.*, 323 ; *Evans vs. Gregory.*

37 *Maine*, 2 *Heath*, 130 ; *Gumey vs. Tufts.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellee being indebted to appellants by note, they brought suit thereon, and at the institution thereof filed

an affidavit, in conformity to *section* 180 *Civil Code*, and obtained an order for his arrest.

On the trial of the action a judgment was rendered for the debt; but the order of arrest was set aside and vacated, of which appellants now complain.

It is insisted that the answer admitting an intention to leave the State, of which appellee was a resident, temporarily, on business, with a purpose to return, was such a contemplated departure as would entitle appellants to the remedy sought, and that the phrase "*is about to depart from this State*," as used in the *section supra*, does not mean a departure from the State with the intention of permanently remaining out of it.

The correctness of that part of the judgment complained of depends upon the proper interpretation of the words quoted, according to the legislative intention or understanding when the same were adopted. To depart from the State, in its usual and common acceptation, means to remove from, move away, and it is not unfrequently used to signify death, as departed this life, going away to remain.

This being the general understanding of the meaning of the terms, we do not see why a different interpretation should be put upon them in construing the *section* under consideration. There is nothing certainly in the context which requires it, nor is there any particular extraneous reason therefor. If a debtor have money, securities, or evidences of debt in his possession, the same may be reached and applied to the discharge of his debts, although he may have no intention whatever of removing or departing from the State, by the adoption of a different remedy. Besides, there may be citizens residing on the banks of the Ohio river, on the Kentucky side, having their places of business on the

other side of the river, and we do not feel authorized to conclude that the Legislature intended that they should be subject to arrest daily when they were about to start from home to cross the river in the prosecution of their regular business, with the intention of returning at night. An intention to leave the State temporarily, on business, or even on a visit, to return within a reasonable time, will not authorize an order for an arrest.

Wherefore, as the judgment conforms to these views, the same is *affirmed*.